STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 KA 1764 R

STATE OF LOUISIANA

VERSUS

NATHAN CURRY

Judgment Rendered: **NOV 0 6 2020**

* * * * * * *

APPEALED FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ASCENSION
STATE OF LOUISIANA
DOCKET NUMBER 29,597

HONORABLE ALVIN TURNER, JR. JUDGE

* * * * * * *

Ricky L. Babin
District Attorney
Donaldsonville, Louisiana

Donald D. Candell
Lindsey Manda
Assistant District Attorneys
Gonzales, Louisiana

Attorneys for Appellee
State of Louisiana

Jane L. Beebe
New Orleans, Louisiana

Attorney for Defendant/Appellant
Nathan Curry

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

The defendant, Nathan Curry, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty. After a trial by jury, he was found guilty as charged by a non-unanimous jury. The trial court denied a motion for post-verdict judgment of acquittal and two motions for new trial filed by the defendant. The trial court sentenced the defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.

The defendant appealed to this court, challenging the sufficiency of the evidence, prosecutorial statements during closing arguments, and the non-unanimous jury verdict. This court affirmed the conviction and sentence. **State v. Curry**, 2018-1764 (La. App. 1st Cir. 9/27/19), 287 So.3d 1. Subsequently, the Louisiana Supreme Court granted the defendant's petition for a writ of certiorari and remanded the case to this court "for further proceedings and to conduct a new error patent review in light of **Ramos v. Louisiana**, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)." **State v. Curry**, 2019-01723 (La. 6/3/20), 296 So.3d 1030 (per curiam). For the following reasons, we set aside the conviction and sentence and remand the matter to the trial court for further proceedings.

## NON-UNANIMOUS JURY VERDICT[1]

Louisiana Code of Criminal Procedure article 920(2) provides that this court shall consider on appeal "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings and proceedings that this court must review for errors patent. **State v. Anderson**, 2017-0927 (La. App. 1st Cir. 4/6/18), 248 So.3d

---

[1] For the facts of this case, see this court's previous opinion on original appellate review. **Curry**, 287 So.3d at 2-3.

415, 418-19, writ denied, 2018-0738 (La. 3/6/19), 266 So.3d 901. In this case, the minutes show that the verdict was non-unanimous, as ten of twelve jurors concurred in the guilty verdict.

In the recent decision of **Ramos v. Louisiana**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further indicated its ruling may require retrial of those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. Thus, as the verdict in this case was non-unanimous, we hereby set aside the conviction and sentence, and the case is remanded to the trial court for further proceedings.

## DECREE

**CONVICTION AND SENTENCE VACATED; CASE REMANDED.**

---

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.